Jose A. **Sonoda**,
Plaintiff,

v.

Antonio R. **Cabrera**, et al.,
Defendants.
Certified Question No. 96-001
U.S.D.C. Civil Action No. 96-0012
April 9, 1997
Amended April 29, 1997

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Associate Justices.

TAYLOR, Chief Justice:

¶1 ■ On November 18, 1996, the Honorable Alex R. Munson, Chief Judge of the U.S. District Court for the Commonwealth of the Northern Mariana Islands, certified a question for interpretation of local law, on an issue that has not yet been considered or determined by this Court.

We have jurisdiction pursuant to Rule 5 of the Commonwealth Rules of Appellate Procedure.

After reviewing the certified question as submitted by Judge Munson, and both parties' briefs, this Court now renders its opinion.

## QUESTION

¶2 The question, as certified by the U.S. District Court, states: "[i]s §509(a) of Executive Order No. 94-3 (June 24, 1994), which provides that the governor may appoint 'all officials at or above the level of division director' and which in subsection (c) assumes that such appointees will be exempt from civil service system, a constitutional exercise of the executive power under Article III of the Commonwealth Constitution . . . ."[1]

## STANDARD OF REVIEW

¶3 ■ A certified legal question from the U.S. District Court is reviewed de novo.

## ANALYSIS AND DISCUSSION

¶4 ■ The plaintiff contends that §509(a) of Executive Order No. 94-3 ("the order") which provides that the governor may appoint 'all officials at or above the level of division director' was an unconstitutional exercise of the executive power because its effect was to enact law, in violation of Article II, § 5 of the Commonwealth Constitution, which vests the law-making power exclusively in the Commonwealth legislature. In addition, the plaintiff maintains that a significant result of the order's re-organization of the executive branch was to vest in the governor the ability to appoint many more government positions and thereby remove them from the protections of the Commonwealth civil service system which is provided in Article XX of the Commonwealth Constitution.

---

[1] *Sonoda v. Cabrera et al.*, Civ. Action No. 96-0012 (Nov.18, 1996) (Certification of Question to Commonwealth Supreme Court) at 3.

¶5     The defendants respond that the re-organization of the executive branch effected by the order was a constitutional exercise of the power vested in the governor by Article III, § 15 of the Commonwealth Constitution. Defendants maintain that the re-organization "became effective" sixty (60) days after the order was submitted to the legislature because the legislature failed to exercise its "legislative veto" to either modify or disapprove the order.

¶6     Executive Order 94-3 §509(a) provides in its entirety that:

> In order to assure the accountability of government managers, all officials at or above the level of division director, or the equivalent by whatever title known, shall be appointed by and serve at the pleasure of the governor, provided that such official shall report to and serve under the direction of the head of any supervisory official, such as a department head.

Article III, § 15 of the Commonwealth Constitution provides in pertinent part that:

> The governor may make changes in the allocation of offices, agencies and instrumentalities and in their functions and duties that are necessary for efficient administration. If these changes affect existing law, they shall be set forth in executive orders which shall be submitted to the legislature and shall become effective sixty days after submission, unless specifically modified or disapproved by a majority of the members of each house of the legislature.

¶7     While this Court recognizes that the governor may reallocate offices for "efficient administration" subject to legislative approval sixty (60) days after submission, the Executive may not create a system whereby employment positions would be created and appointed at his pleasure. The governor lacks the authority, under the Constitution, to appoint such positions.

¶8     This Court notes that the governor may appoint an attorney general, a public auditor, and heads of executive departments with the advice and consent of the Senate, pursuant to Article III, §§11, 12, 14 of the Commonwealth Constitution. However, the Constitution is silent on the issue of a general executive "appointment" power. It is a well established legal principle that "[a]ll power which is not expressly limited by the people in our State Constitution remains with the people, and an act of the people through their representatives in the legislature is valid unless prohibited by that Constitution."[2] Thus, when the Constitution is silent, the power rests with the people through their elected representatives in the legislature, to create, make or change laws including appointing individual positions that are not enumerated in the Constitution.

¶9     Under Article XX, § 1 of the Commonwealth Constitution, "Exemption from the civil service shall be as provided by law, and the commission shall be the sole authority authorized by law to exempt positions from civil service classification." This Court has already interpreted Article XX, §1 when it held that "only if the legislature passes a law providing for exemptions may there be exemptions from the civil service *system*. Only the legislature can exempt government employees from the civil service *system*. (emphasis in original). *Manglona v. Civil Service Commission*, 3 N.M.I. 243, 249 (1992). The Executive Order attempts to usurp the legislature's role in exempting persons from the Civil Service Commission. Such an attempt is not permissible under the Constitution.

¶10     The legislature has enacted 1 CMC §8131(a) which provides that "except as provided in this section, the civil service system shall apply to all employees of and positions in the Commonwealth government . . . ." The legislature then went on to enumerate twelve (12) exemptions from the civil service system. Thus, absent legislative action, only those enumerated exemptions are valid. In this case, the silent "acceptance" by the legislature is insufficient to create an appointment power in the governor. Therefore, the result of the order was to transfer appointment power away from the legislature to the governor, providing him with the ability to appoint many more government positions thereby arbitrarily removing them from the Civil Service Commission.

## CONCLUSION

¶11     For the forgoing reasons, this Court would rule that §509(a) of Executive Order 94-3 is an unconstitutional exercise of the governor's power.

---

[2] *In re Spivey*, 480 S.E.2d 693, 696 (Sup. Ct. N.C. Feb. 10, 1997) citing *State ex rel. v. Preston*, 235 S.E.2d 473, 478 (Sup. Ct. N.C. 1989).